IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98 C 7272 |
| | ) | |
| THE NORTHERN TRUST COMPANY, | ) | |
| as Trustee of the Caterpillar Inc. Master | ) | |
| Trust, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 98 C 8217 |
| | ) | |
| THE NORTHERN TRUST COMPANY, | ) | |
| as Trustee of the Inland Steel Industries | ) | |
| Pension Trust, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this long drawn-out controversy Northern Trust Co. has itself made its peace with

the government, but it has brought two new actions in hopes, apparently, that the new

defendants can somehow show that Northern Trust Co. should not be liable (so they are not

liable) or can be required to assume the economic burdens of its liability, or it can rescind the

underlying transactions and thus extinguish the tax liability arising from them. The two cases

are Northern Trust Co. v. MS Securities Services, Inc. (Morgan Stanley), Bear Stearns and

Company, Inc. and Bear Stearns Security Corporation (Bear Stearns), 05 C 3370, pending

before Judge Zagel, and Northern Trust Co. v. Merrill Lynch, et al., 05 C 3373, assigned to

Judge Gottschall. Northern Trust Co. moves to have those cases designated as related cases

to those pending before this court. Morgan Stanley does not object to the relatedness motion.

Merrill Lynch does object, with memoranda explaining why. Bear Stearns also objects,

relying on the Merrill Lynch submissions. We grant the motion.

The new cases should be heard by one judge, and the choices are this court or Judge

Zagel, who has the lowest numbered case of the two new cases. The two new cases are related

to each other in the classic sense. The relatedness of those cases to the 1998 cases is less

apparent, particularly as Merrill Lynch represents that it has no intention of contending that

Northern Trust Co. has no tax liability. It apparently becomes a dispute between Northern

Trust Co. and the brokerage defendants, with the government looking on.

The reason, however, for the new cases, was Northern Trust's concern that the

peculiarities of the tax laws did not permit it to bring the brokerage defendants into the 1998

cases. The government, we are told, has now advised Northern Trust Co. that it is mistaken.

So now it could, presumably, dismiss the new cases and start over here. We are also mindful

that the amount of overlap between the old and new cases has yet to be determined and could

be considerable. While the court has only a limited understanding of the QFV transactions,

it does have a head start on Judge Zagel. Finally, there can be no dispute that the cases,

together, relate to the economic consequences of the QFV transactions. We think those are

reasons enough to litigate all the disputes here. We are mindful that judges denying

relatedness motions have sometimes imposed somewhat stringent standards – but they were

denying, not granting, the motion. The ultimate judgment is not substantive; it only relates

to which judge will hear a matter that is going to be heard by one of the judges in any event.

We think this court should be the one.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 11 , 2005.